IN THE SUPREME COURT OF THE STATE OF DELAWARE

DANIEL BOBILIN, §
                                     § No. 399, 2022
    Defendant Below,                 §
    Appellant,                       § Court Below–Superior Court
                                     § of the State of Delaware
    v.                               §
                                     § Cr. ID No. 2105013864 (N)
STATE OF DELAWARE,                   §
                                     §
    Appellee.                        §
                                     §

Submitted: April 20, 2023
Decided:   June 29, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the brief and motion to withdraw filed by the appellant's counsel under Supreme Court Rule 26(c), the State's response, and the Superior Court record, it appears to the Court that:

(1)    In July 2021, a Superior Court grand jury indicted the appellant, Daniel Bobilin, for two counts of the commission of a hate crime, two counts of terroristic threatening, two counts of harassment, and one count of disorderly conduct. The charges arose out of an encounter between Bobilin and two women, Diamond and Rosemary Lewis,[1] in an apartment building in Claymont, Delaware.

---

[1] Because the victims share the same last name, we refer to them by their first names for clarity. We intend no familiarity or disrespect.

(2)     In September 2022, the case proceeded to a jury trial.  Diamond, a resident of the apartment building, testified that in the afternoon of May 26, 2021, she and her grandmother, Rosemary, had returned to the building after an outing. Diamond entered the building first and propped open the door between the lobby and foyer areas of the building to allow Rosemary, who was trailing behind, to enter the lobby area without using a security card.  Another resident of the apartment building, later identified as Bobilin, closed the propped-open door.  When Diamond went to prop open the door again, Bobilin told Diamond that the door was not supposed to be left open.  According to Diamond, Bobilin then launched into a racist tirade, during which he stated, among other things, "I hate you [B]lack people. You shouldn't be here."[2]  After Bobilin left the lobby via the elevator, Diamond called 911 and reported the episode.  Diamond further testified that, as a result of the encounter, she became quite fearful of living in the building and moved out a few months later.

(3)     Rosemary testified that Diamond had propped open the door to the lobby to allow Rosemary to re-enter after she left briefly to retrieve something from her car.  When she returned, she found Diamond and Bobilin in the middle of an altercation.  According to Rosemary, Bobilin threatened Rosemary and called her derogatory and racist names. Through the chief investigating police officer, the State

---

[2] App. to Opening Br. at A34.

admitted the audio recording of Diamond's 911 phone call and video of the building's foyer area that showed a portion of the physical encounter between Diamond and Bobilin.[3] Relevant here, the video recording shows someone outside of the camera angle propping open the door to the lobby, Bobilin shutting the door, someone propping the door open again, Bobilin again shutting the door and gesturing toward what appears to be a sign on the door, someone again propping open the door, and Rosemary walking through the door to the lobby shortly thereafter.

(4)    At the close of the State's case, Bobilin moved for a judgment of acquittal on all counts. The Superior Court denied the motion. However, because the State had not secured the video from the apartment's lobby area, where Diamond and Rosemary alleged Bobilin acted aggressively and made the threatening and derogatory comments, the Superior Court granted Bobilin's request for a missing-evidence instruction. Bobilin then took the stand and testified for the defense. Bobilin acknowledged that he had closed the door after Diamond had propped it open because propping the door open violated the apartment building's rules. But Bobilin denied making threatening statements or using derogatory or racist language.

---

[3] The video did not have audio.

3

(5) The jury acquitted Bobilin of terroristic threatening and committing hate crimes but found him guilty of two counts of harassment and one count of disorderly conduct. The Superior Court deferred sentencing to permit the parties to submit sentencing memoranda. On October 13, 2022, the Superior Court sentenced Bobilin for the harassment convictions to an aggregate two years of incarceration, suspended for one year of Level II probation. The court also imposed a $250 fine for the disorderly conduct conviction. This appeal followed.

(6) Bobilin's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that, after a complete and careful examination of the record, he could not identify any arguably appealable issues. Counsel informed Bobilin of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and a draft of the accompanying brief. Counsel also informed Bobilin of his right to supplement his attorney's presentation. The State has responded to the Rule 26(c) brief and has moved to affirm the Superior Court's judgment.

(7) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold. First, the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could be arguably raised on

appeal.[4] Second, the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[5]

(8) In his supplement to Counsel's opening brief, Bobilin challenges the sufficiency of the State's evidence. Specifically, Bobilin claims that the video recording of the foyer area captured the entire encounter between him and Diamond and belies the State's argument that he engaged in a heated altercation with her. Bobilin also claims that he did not interact with Rosemary.

(9) When reviewing a claim of insufficient evidence, the Court must determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[6] When making that determination, the Court does not distinguish between direct and circumstantial evidence.[7] Moreover, when the determination of facts turns on a question of witness credibility, we will not substitute our opinion for that of the trier of fact.[8]

---

[4] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[5] *Penson*, 488 U.S. at 81-82.
[6] *Williams v. State*, 2005 WL 2414375, at *2 (Del. Sept. 29, 2005).
[7] *Id.*
[8] *Dryden v. State*, 2008 WL 555956, at *1 (Del. Mar. 3, 2008).

(10) Our review of the record does not support Bobilin's claim. The jury was solely responsible for judging the credibility of the witnesses and resolving conflicts in the testimony.[9] It was entirely within the jury's purview to credit Diamond's and Rosemary's testimony—both of whom testified that their interaction with Bobilin extended into the lobby area of the apartment building, an area not visible in the foyer video recording, and that Bobilin verbally threatened and intimidated them there. That is, there was clearly sufficient evidence presented at trial to support Bobilin's convictions for harassment[10] and disorderly conduct.[11]

(11) The Court has reviewed the record carefully and has concluded that Bobilin's appeal is wholly without merit and devoid of any arguably appealable issues. We are also satisfied that Counsel has made a conscientious effort to examine the record and the law and has properly determined that Bobilin could not raise a meritorious claim in this appeal.

---

[9] *Id.*

[10] *See* 11 *Del. C.* § 1311(a) ("A person is guilty of harassment when, with intent to harass, annoy, or alarm another person: (1) That person insults, taunts or challenges another person or engages in any other course of alarming or distressing conduct which serves no legitimate purpose and is in a manner which the person knows is likely to provoke a violent or disorderly response or cause a reasonable person to suffer fear, alarm, or distress….").

[11] *See* 11 Del. C. § 1301 ("A person is guilty of disorderly conduct when: (1) The person intentionally causes public inconvenience, annoyance or alarm to any other person, or creates a risk thereof by: … (b) Making … an offensively coarse utterance … or addressing abusive language to any person present….").

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court be AFFIRMED.  Counsel's motion to withdraw is moot.


BY THE COURT:


/s/ Collins J. Seitz, Jr.
Chief Justice